Jack Stanislaw, J.
Plaintiff Shirley Kovalenko moves for an order directing the defendant to serve a copy of its physician’s report of her physical examination. The defendant states that it has had no physical of this plaintiff and therefore has no report to serve.
The action was noticed for trial early in November, 1965. At that time the plaintiffs had forwarded hospital authorizations *626 and copies of medical bills and reports to the defendant. Then, in December, 1965, defendant’s insurance carrier conducted an examination of Shirley Kovalenko. Plaintiff seeks a copy of the report of this examination, pursuant to rule III of part 4 of the Rules of the Appellate Division, Second Department. But the defendant’s attorneys explain that this physical was made in relation to plaintiff’s claim under her own medical coverage insurance written by that same company providing liability coverage to the defendant. Insofar as this action is concerned, the defendant acknowledges that no medical examination of the plaintiff has been held (although it will examine and report, given court permission to do so at this time).
Since the insurer is the same, plaintiff insists that the basis ■for the examination by the carrier’s physician is immaterial. The carrier distinguishes its several capacities and holds the report to have been secured in a manner and by means wholly unrelated to the Appellate Division Rules and CPLR 3121. Further, it argues plaintiff waived service of a copy of a report in any event by allowing the examination almost two months after placing the action on the calendar.
It is impossible to ignore the increasing number of situations in which a single insurer may find itself tied into a group of claims on several sides of the same fence. This is such an instance. Contrary to plaintiff’s belief, however, the onus of relieving ensuing problems the result of an overlap would seem to be more the carrier’s burden. Here, for instance, with the action on the calendar and statement of readiness presumably filed without objection, the defendant may not conduct any other or further preliminary procedures (Rules, part 7, rule VII). This defendant also has a potential problem upon trial for, unless permitted by the Trial Judge on a showing of good cause and in the interests of justice, the testimony of a physician on its behalf will not be heard (Rules, part 4, rule VIII).
Plaintiff gains nothing from the gratuitous service of her own medical information, particularly in view of the fact that she might have compelled defendant to examine (Rules, part 4, rule I). At any rate, the carrier did not examine — as defendant’s representative anyway — and so there is no report available subject to this motion. The motion is denied. The order to be settled hereon shall specifically further reflect our determination that the examination made by this insurer on or about December 20, 1965 and the report and findings. thereon are unavailable to the defendant herein in all respects and for all purposes.